# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE M. ADAMS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-1241 |
| | : | |
| U.S. POST OFFICE | : | |
| GERMANTOWN BRANCH, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**PRATTER, J.**                                                                                       MARCH 10, 2020

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by Plaintiff Diane M. Adams, proceeding *pro se*. Also, before the Court is Ms. Adams's Motion to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Ms. Adams is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. For the following reasons, Ms. Adams's claims against the named Defendants will be dismissed with prejudice, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction, and Ms. Adams will be granted leave to file an amended complaint.

## I. FACTUAL ALLEGATONS[1]

According to the Complaint, on August 30, 2019, a truck allegedly belonging to the United States Postal Service and driven by Defendant Christian Butler struck the patio of Ms. Adams's residence in the course of an accident resulting from Defendant Butler's efforts to avoid a collision with a nearby car. (ECF No. 2 at 3.)[2] The collision damaged the patio fence, Ms.

---

[1] The facts set forth in this Memorandum are taken from Ms. Adams's Complaint.

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

Adams's chairs, and her grill. (*Id.*) Attached to the Complaint are a Commonwealth of Pennsylvania Crash Report, (*id.* at 6-11), detailing facts related to the accident, what appears to be an estimate from McLean Welding in the amount of $1400.00 for the manufacture and installation of a wrought iron fence at Ms. Adams's address (*id.* at 12), and what appears to be a page printed from the internet depicting a charcoal grill with a purchase price of $197.00 (*Id.* at 13.)

Ms. Adams requests compensation for the damage to her fence, grill, two chairs, and patio ledge. (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court will grant Ms. Adams leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3] According to her Motion, Ms. Adams was employed by the United States Postal Service between 1993 and 2000, and during that time, her gross monthly pay was $38,000. (ECF No. 1 at 2.) She further alleges that her current monthly income includes $12,500 in retirement benefits and $13,000 in compensation from the Veterans' Administration. (*Id.*) This would generate annual income of $306,000. Ms. Adams reports assets including $240 in a checking account and a home valued at $160,000. She alleges that she is on a fixed income. (*Id.* at 5.) Upon review of her Motion, the Court concludes that Ms. Adams has substituted annual income figures for the monthly figures requested by the form, such that her annual income, rather than her monthly income, is $25,500. Based upon the Court's reading of Ms. Adams's Motion, *in forma pauperis* status is warranted.

(quotations omitted). Conclusory allegations do not suffice. *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Ms. Adams is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Construing the Complaint liberally, the Court understands Ms. Adams to be pursuing a claim under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671, *et seq.* in an effort to recover compensatory damages based on the damage to her personal property resulting from the August 30, 2019 accident. The FTCA partially waives the federal government's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA authorizes suits against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1).

However, "the only proper party to a claim under the FTCA is the United States." *See Malouf v. Turner*, 814 F. Supp. 2d 454, 462 (D.N.J. 2011) (dismissing several defendants, including the Bureau of Prisons, from plaintiff's FTCA claim); *see also CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir.2008) ("The Government is the only proper defendant in a case brought under the FTCA."). Here, Ms. Adams names as Defendants the United States Post Office – Germantown Branch and Postal Driver Christian Butler. Because these are not the proper defendants in this case, Ms. Adams's claims against them are dismissed.

3

Moreover, and significantly, under the FTCA "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *see Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) ("No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim."); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018) (stating that "[u]nder 28 U.S.C. § 2675(a), a plaintiff may not bring a claim under the FTCA unless he 'first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.'") (quoting *Shelton*, 775 F.3d at 569). This requirement is "jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569. Therefore, a plaintiff "must . . . plead administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).

Here, the Complaint is silent on the issue of exhaustion. (*See* ECF No. 2.) Accordingly, at this time, the Court cannot determine whether Ms. Adams has exhausted her FTCA claim against the United States based on the accident involving Postal Worker Christian Butler. Therefore, Ms. Adams's FTCA claim will be dismissed for lack of subject matter jurisdiction. However, in light of Ms. Adams's *pro se* status, the Court will grant her leave to file an amended complaint in the event she can allege facts establishing that she has exhausted her claim at the agency level as required.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ms. Adams leave to proceed *in forma pauperis*, dismiss with prejudice her claims against United States Post Office – Germantown

4

Branch and Postal Driver Christian Butler, and dismiss her Complaint without prejudice for lack of subject matter jurisdiction based on her failure to allege sufficient facts to invoke the Court's jurisdiction under the FTCA. Ms. Adams is granted leave to file an amended complaint within thirty (30) days in the event she can allege facts to cure the defects discussed above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). *See also Priovolos v. F.B.I.*, 632 F. App'x. 58, 60 (3d Cir. 2015) (per curiam) (failure to name United States as a defendant in FTCA action can be remedied by filing an amended complaint). An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.
UNITED STATES DISTRICT JUDGE